IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KELLY L. SMITH, KARLA G. SMITH,

        Plaintiffs,

vs.

CENTRAL PLATTE NATURAL
RESOURCES DISTRICT, et al.

        Defendants.

4:14CV3230

MEMORANDUM AND ORDER

This matter is before the court on Defendants' motion to strike certain portions of Plaintiffs' amended complaint, (Filing No. 41). For the reasons set forth below, the motion is denied.

Plaintiffs filed their original complaint on November 21, 2014, (Filing No. 1). The dispute involves the certification, or lack thereof, of certain portions of Plaintiffs' real property as "irrigated land." Plaintiffs assert Defendants violated their constitutional rights and state law in reaching the determination as to which portions of Plaintiffs' agricultural land could be irrigated.

Defendants filed a motion to dismiss, (Filing No. 32), and Plaintiffs subsequently filed an amended complaint, (Filing No. 36). Although the amended complaint does not appear to add new causes of action, Plaintiffs did add twenty-nine (29) new paragraphs apparently to supplement the factual basis for their claims.

Defendants have moved to strike twenty-two (22) of the paragraphs pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f) a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts have great discretion in striking pleading, motions to strike under Rule 12(f) are disfavored and not often granted. See Stanbury Law Firm

v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000). "[T]he Eighth Circuit has ruled that even matters that are not 'strictly relevant' to the principal claim at issue should not necessarily be stricken, if they provide 'important context and background' to claims asserted or are relevant to some object of the pleader's suit." Holt v. Quality Egg, L.L.C., 777 F. Supp. 2d 1160, 1169 (N.D. Iowa 2011)(quoting Stanbury, 221 F.3d at 1063).

Here Defendants argue the additional paragraphs generally "repeat allegations, . . . include immaterial statements about third parties not involved . . . , [and] contain offensive and reckless statements regarding [Defendants'] behavior." (Filing No. 42 at CM/ECF p. 2). However, Defendants fail to address the alleged improprieties in the amended complaint with any specificity. When a defendant "does not explain with any particularity exactly why such portions of the Amended Complaint are immaterial or impertinent" the court has no basis on which to strike the complaint. Williams v. Hawkeye Community College, 494 F. Supp. 2d 1032, 1043 (N.D. Iowa 2007).

Accordingly,

IT IS ORDERED, Defendants' motion to strike, (Filing No. 41) is denied in its entirety.

Dated this 12th day of May, 2015

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge